FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 13 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMY BELLER,

                 Plaintiff,

-against-

BRONSON AND MIGLIACCIO, LLP and
JOHN and JANE DOES 1 - 10

                Defendant(s).
------------------------------------------------------------X

Civil Action No.: 09 5022

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

SPATT, J.

BOYLE, M.J.

      Plaintiff AMY BELLER ("Plaintiff" and/or "AMY"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant BRONSON AND MIGLIACCIO, LLP and JOHN and JANE DOES ("B&M") hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

### PARTIES

    2.    Plaintiff is a resident of the State of New York, 53815 Main Rd., Southhold, N.Y. 11971.

    3.    Defendant Bronson and Migliaccio, LLP is organized in New York, with their main office at 415 Lawrence Bell Drive, Williamsville, N.Y. 14221.

    4.    B&M is a "debt collector" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Bronson & Migliaccio, LLP and the Does.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

22. On information and belief, and better known to the Defendant, the Defendant

began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving messages on her phone prior to August 17th 2009.

23.     On August 17th 2009 the Defendant left the following message ("First Message") on the Plaintiff's answering machine: " Hello, Amy this is James Brown with the law offices of Bronson and Migliaccio. I need you to contact me immediately at 800.921.8600, my extension is 2155. When you call please – you must reference your file number 275699. This is extremely time sensitive, you must contact me immediately."

24.     On August 18th 2009 the Defendant left the following "Second Message" on the Plaintiff's answering machine. "Amy this is James Brown with the law office of Bronson and Migliaccio, we are desperately trying to stop you from being served – you must contact this firm immediately at 800.921.8600, my extension is 2155. When you call make reference to your file number which is 275699. This is extremely time sensitive – you must contact me immediately."

25.     On August 31st, 2009 the Defendant left a "Third Message" on the Plaintiff's answering machine. "Amy this is James Brown with the Law Firm of Bronson and Migliaccio. We're moving forward on this account we have here and are serve and are moving forward against you. I will give you until 6pm this evening to contact me if you want to handle this voluntarily. My number is 1.800.921.8660, my extension is 2155. Case number is 2756998. You have options till 6pm, anything after that I will not be able to help you.

26.     On September 3rd at 3:07 PM, on September 4th at 11:32AM and on September 8th at 12:42 PM the Defendant left a "Fourth Message", "Fifth Message " and "Sixth Message", all three being the same prerecorded, automated, and computerized

message on the Plaintiff's answering machine. "Hello, this is an important call for Amy Beller. This is not a telemarketing call. Please ask Amy Beller to call us at 800.921.8660. Thank you. Goodbye."

27. On September 8th 2009, at 5:37 PM the Defendant left a "Seventh Message" on the Plaintiff's answering machine: "Amy how you doing Mam? This is Jermaine Lowery here at the...(unclear)...department at the attorney's office Bronson and Migliaccio..(unclear)...have a big incentive. As far as we offer a settlement offer...(unclear).. and move forward. The number here is 800.921.8660. My extension is 2208. Case number 2756900, ask for Jermaine Lowry at extension 2208. Thank you very much."

28. All the Defendant's Messages are legally deficient in that it fails to provide the required warnings under 15 USC §1692e(11) by failing to include the required warnings identifying themselves as debt collectors, that it is an attempt to collect a debt and any information would be used for that purpose.

29. All the Defendant's Messages further violates 15 USC §1692e – preface and e(10) by using a deceptive and misleading means and representation by not providing the required warnings under 15 USC §1692e(11).

30. The Defendant's Second and Third Messages further violate 15 USC §1692e – preface and e(10) by deceptively and falsely claiming that "we are desperately trying to stop you from being served" and by deceptively and falsely stating "We're moving forward on this account we have here and are serve and are moving forward against you. I will give you until 6pm this evening to contact me if you want to handle this voluntarily." This second statement further violates 15 USC §1692e(5) by threatening to take any action

that cannot be taken legally or that is not intended to be taken.

31. All the Defendant's Messages are legally deficient under New York General Business Law §349 prohibiting unfair and deceptive practices.

32. The Defendant further violated 15 USC §1692c(a)(2) by communicating with the Plaintiff with all the September Messages, after the Defendant was informed in writing that the Plaintiff was represented by Attorney Mark Harvey Rephen in a letter dated September 1st, 2009.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and/or the class violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, 15 USC §1692e(11), 15 USC §1692e(5), and 15 USC §1692c(a)(2).

35. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (New York State Claims)

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same

were set forth at length herein.

37. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and/or the class have violated various provisions of New York General Business Law §349 prohibiting unfair and deceptive practices.

38. As a result of Defendant's violations of New York General Business Law §349, Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law §349 (h).

## DEMAND FOR TRIAL BY JURY

39. Plaintiff AMY BELLER hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AMY BELLER on its behalf and on behalf of the members of the Class, demands judgment from the Defendants BRONSON AND MIGLIACCIO, as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

      E.     A declaration that the Defendant's practices violated the FDCPA;

      F.     For attorney's fees and costs provided and pursuant to New York General Business Law §349 (h).

      G.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
            November 3rd, 2009

                      Respectfully submitted,

                      By: _____
                      M. Harvey Rephen, (MR3384), Esq.
                      M. HARVEY REPHEN & ASSOCIATES, P.C.
                      708 Third Avenue, 6th Floor
                      New York, New York 10017
                      Phone:   (212) 796-0930
                      Facsimile: (212) 209-7100

                      *Attorney for the Plaintiff AMY BELLER*

To:    BRONSON AND MIGLIACCIO, LLC
        415 Lawrence Bell Dr,
        Williamsville, NY 14221

*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CASE NO.:

AMY BELLER,

Plaintiff(s),

-against-

BRONSON and MIGLIACCIO, LLC.,, and
JOHN and JANE DOES 1-10

Defendant(s).

---

COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 209-7100

---